# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GALE ROBERTS,

    Plaintiff,

    v.                                     No. 18-cv-00975-WJ-LF

GENERATION NEXT, LLC, RICHARD COOK,
Estate of, KATHARINE COOK FISHMAN, PAUL
MATTHEW CASTER, ANTIQUITY ENCOUNTER,
JOHN MELANCON, EXPEDITION RESOURCES, LLC,
EXPLORATION OPES, LLC, DONALD PATTERSON,
GERALD KEMLAR, HOWARD TALKS, WILLIAM FLOTO,
JOHN AND JANE DOES,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT MELANCON'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant Melancon's Motion to Dismiss, filed February 14, 2019 **(Doc. 46)**. Having reviewed the parties' briefs and the applicable law, the Court DENIES Defendant Melancon's motion.

## BACKGROUND

Both Plaintiff Gale Roberts and Defendant Melancon are proceeding pro se. In this lawsuit, Plaintiff claims that Defendants stole gold from an archaeological expedition for buried treasure on Black Mesa, an area located northwest of Espanola, New Mexico where it is believed that several large caches of gold treasure and antiquities are hidden; and in doing so, Defendants conspired to deprive him of his contractual rights as a member of the expedition.

According to the complaint, Plaintiff Roberts, d/b/a "Gone Working," contractually agreed with Defendants Melancon, Patterson, Kemler and Talks to fund the expedition.

Defendant Melancon ("Melancon") is an archaeologist hired by Defendant Richard Cook to help lay claim to the gold and artifacts the team expected to find based on Cook's treasure maps. Melancon conducted business through his company, Antiquity Encounter, and was also a managing member of Expedition Resources, LLC and Exploration OPES, LLC ("OPCS") which are companies involved in the expedition.

## DISCUSSION

In this motion to dismiss, Melancon contends that Plaintiff's claims are time-barred by the applicable statutes of limitations and that the allegations in the complaint are fabricated and not credible. The complaint was filed in federal court based on diversity jurisdiction on October 19, 2018.

**I.** **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

**II.     Analysis**

Melancon first contends that the accusations contained in the complaint are fabricated and not credible. However, at this stage of the litigation, a plaintiff is obliged only to allege plausible claims. Plaintiff may or not be credible as to whether Defendants stole some of the alleged gold and artifacts, but credibility is not for the Court to determine and is more appropriately addressed by a fact-finder at trial. *See Bisbee v. Bey*, 39 F.3d 1096, 1101 (10th Cir. 1994) (questions of credibility should be decided by the jury). The amended complaint (Doc. 3) contains thirty pages of facts describing Plaintiff's role in the venture and Defendants' alleged participation in stealing treasure without Plaintiff's knowledge and covering up their actions. The pleading includes detail sufficient to satisfy the *Iqbal-Twombly* standard. Thus, Melancon's motion is denied on this basis.

Melancon also argues that Plaintiff's claims are time-barred because they are past the statute of limitations. Melancon states that the contract for the Black Mesa project was between Melancon, Antiquity Encounter, Generation Next, LLC and Mr. Richard Cook. Plaintiff wanted to be part of the expedition as a "monetary source" for the project but was not a party or signatory on the contract for the expedition. However, Melancon does not offer (1) a copy of the relevant contract; (2) what statute of limitations applies here; (3) how long the applicable limitations period lasts; or (4) when it expired.

In his response, Plaintiff provides a copy of a "search and recovery" contract that contains the signatures of Richard Cook, Don Patterson and Melancon (the latter two as signatories for the company Expedition Resources, LLC). Doc. 47-2. Plaintiff's signature is not

affixed to the contract, and so Melancon is correct that Plaintiff is not a party to this particular "search and recovery" contract. However, Plaintiff does present other evidence that saves his lawsuit from dismissal. The amended complaint asserts that:

> On November 26, 2012, Plaintiff Roberts entered into a Joint Venture Agreement with Defendant Expedition to search for and recover gold and artifacts in the United States with an emphasis on Black Mesa. Defendant Melancon was actively involved in the drafting of this document. See Exhibit #3 – November 2012 Joint Venture Agreement.

Doc. 3, ¶24. Exhibit 3 is attached to the amended complaint, It is captioned as a "Memorandum of Understanding for a Joint Venture Agreement." Doc. 3 at 48.

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference where they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). Here, the Court may consider the Joint Venture Agreement attached to the amended complaint because Plaintiff's allegations of stolen treasure are premised on his rights under that agreement. Defendant has not filed a reply or otherwise offered anything that would dispute the authenticity of the Joint Venture Agreement.[1]

The Joint Venture Agreement identifies and refers to Plaintiff throughout as "GW" which is the anacronym for his company "Gone Working." It describes various aspects of the venture, the purpose of which is "to locate, recover inventory, value and sell or distribute to the Joint Venturers the natural and cultural precious metals, gems, or artifacts." Doc. 3 at 49. The signatories to the agreement are Gale Roberts as a "Joint Venturer" and Donald Patterson as

---

[1] Also, because the agreement attached to the amended complaint is central to Plaintiff's claims, the Court need not convert Defendant's motion to dismiss into one for summary judgment. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir.1999).

Managing Member of Expedition Resources, LLC, and the agreement was signed by both signatories on November 26, 2012.

Under New Mexico law, actions founded on a written contract is six years. NMSA 1978 §37-1-3 ("Actions founded upon any bond, promissory note, bill of exchange or other contract in writing shall be brought within six years); *Armijo v. Ex Cam, Inc*. 843 F.2d 406 (10th Cir. 1988) (federal courts must apply law of forum state in diversity actions). The Joint Venture Agreement was signed on November 26, 2012, and the federal complaint was filed on October 19, 2018, just under the six-year limitations period. Therefore, assuming this Joint Venture Agreement is relevant to the underlying allegations in the amended complaint, Plaintiff's lawsuit appears to be timely and withstands Melancon's motion to dismiss.[2]

**THEREFORE,**

**IT IS ORDERED** that Defendant Melancon's Motion to Dismiss **(Doc. 46)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff argues that his lawsuit is timely under New Mexico's savings statute, NMSA 1978, §37-1-14, but this argument is unnecessary given that the case is timely under without resort to the savings statute.