GALE ROBERTS,

       Plaintiff,

       v.                             No.  18-cv-00975-WJ-LF

GENERATION NEXT, LLC, RICHARD COOK,
Estate of, KATHARINE COOK FISHMAN, PAUL
MATTHEW CASTER, ANTIQUITY ENCOUNTER,
JOHN MELANCON, EXPEDITION RESOURCES, LLC,
EXPLORATION OPES, LLC, DONALD PATTERSON,
GERALD KEMLAR, HOWARD TALKS, WILLIAM FLOTO,
JOHN AND JANE DOES,

       Defendants.

## ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED ON DEFENDANT EXPEDITION RESOURCES, LLC
### and
## GIVING NOTICE TO DEFENDANT PATTERSON REGARDING COMPLIANCE WITH COURT RULES AND ORDERS IN THE FUTURE

THIS MATTER comes before the Court sua sponte. In this lawsuit, Plaintiff claims that Defendants stole gold from an archaeological expedition for buried treasure on Black Mesa, an area located northwest of Espanola, New Mexico where it is believed that several large caches of gold treasure and antiquities are hidden; and in doing so, Defendants conspired to deprive him of his contractual rights as a member of the expedition.

The Court has issued several decisions resulting in the dismissal of many of Plaintiff's claims against several defendants, almost all of whom are proceeding *pro se*. *See* Doc. 53 (denying Defendant Melancon's first motion to dismiss); Doc. 54 (dismissing claims against all the Cook Defendants); Doc. 58 (dismissing Plaintiff's claims against Defendant Talks); and Doc. 62 (dismissing all claims against Defendant Talks except for Counts 4, 8, 10 and 11).

In this Order to Show Cause, the Court considers what sanctions, if any, should be levied against Defendant Expedition Resources, LLC ("Expedition"), which was one of two companies named as defendants. The other company, Expedition OPES, is no longer a party to this lawsuit, having been terminated by amendment of Plaintiff's complaint, Doc. 3, and therefore need not be considered in this discussion. Four of the named Defendants were managing members of Defendant Expedition: Defendants Patterson, Melancon, Kemler and Talks.

## I.    Defendant Expedition

On February 14, 2019, Magistrate Judge Laura Fashing entered an Order (Doc. 44) which did the following:

- granted an extension of time to Defendant Expedition and Defendant Patterson to file an answer to Plaintiff's amended complaint until March 18, 2019; and

- advised Defendant Patterson that this Court's local rules prohibit him from filing on behalf of Expedition Resources, LLC because a business entity can only appear in this case with an attorney.[1] The Order also cautioned Defendant Patterson that if Defendant Expedition was not represented by an attorney, "any filings made by these parties may be stricken and default judgment or other sanctions imposed." *See* D.N.M.LR-Civ. 83.8(c).

Also on February 14, 2019, Judge Fashing entered a second Order (Doc. 45) which:

- denied for the second time Mr. Patterson's request to file electronically on behalf of Expedition Resources, LLC or Exploration OPES, LLC., but granted his request to file electronically on behalf of himself individually; and

- again reminded Mr. Patterson of the local rule which required an entity to be represented by an attorney. For the second time, Judge Fashing warned Mr. Patterson that if Defendant Expedition was not represented by an attorney, "any filings made by these parties may be stricken and default judgment or other sanctions imposed." *See* D.N.M.LR-Civ. 83.8(c).

Federal district courts have the inherent power to manage their business "so as to achieve the orderly and expeditious disposition of cases." *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th

---

[1] The District of New Mexico's Local Rules of Civil Procedure require that a "corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." *See* D.N.M.LR-Civ. 83.7.

Cir.2003) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). In particular, federal district courts have the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 44 45; *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 372 F.3d 1186, 1193 (10th Cir. 2004). The Court is considering whether a sanction in the form of default is appropriate with regard to Defendant Expedition. The Tenth Circuit has emphasized that "a default judgment is a harsh sanction." Accordingly, due process requires that the "failure" giving rise to the sanction must be the result of willfulness or bad faith, and not the mere inability to comply. *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir.1987).

Defendant Patterson, a managing member of Expedition, was very clearly instructed—not once, but twice—that (1) Defendant Expedition must be represented by an attorney and (2) that he could not himself represent the business entity. The court docket in this case still reflects no change in Defendant Expedition's status. The Court recently denied in part a motion to dismiss filed by the Expedition Defendants (Defendants Expedition, Floto, Kemler and Patterson), *see* Doc. 62, and so Defendant Expedition still requires legal representation by an attorney in order to continue defending this case.

A party's *pro se* status does not in any way relieve him from the obligation to comply with a court's procedural requirements. *Barnes v. United States,* 173 Fed. Appx. 695, 697 (10th Cir.2006) (citations omitted); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (Even pro se litigants are expected to follow the rules). Mr. Patterson (who evidently believes he speaks for the company of which is a managing member) cannot disregard the court's orders because he is *pro se.*

Defendant Expedition/Mr. Patterson is therefore ORDERED TO SHOW CAUSE **within THREE (3) WEEKS from the entry of this Order** why sanctions should not be imposed on it

in the form of a **default judgment** for failure to comply with this Court's Order regarding obtaining legal representation. Failure to timely respond to this Order may result in a default judgment being entered against Defendant Expedition. This would mean that Plaintiff Roberts will prevail in all of his claims against Defendant Expedition that have not been dismissed by this Court.

## II.      Defendant Patterson

As stated above, Defendant Patterson continues to represent Defendant Expedition even though he has been clearly instructed and cautioned by the Court *twice* that sanctions will be forthcoming if Defendant Expedition continues to litigate this case without an attorney. The Court has addressed that matter above.

As a second matter, Defendant Patterson's answer is untimely by two months. Judge Fashing's Order granted him an extension until March 18, 2019 (Doc. 44) to file an answer to Plaintiff's amended complaint, but Mr. Patterson filed his response only recently, on May 14, 2019 (Doc. 63), having obtained no prior Court permission to file a late response or attempting to get a further extension of time.

Mr. Patterson currently seems determined to ignore this Court's Orders. This particular Order to Show Cause is directed toward the issue of severe sanctions against Defendant Expedition, but the Court intends that this Order also provide notice to Mr. Patterson that the court expects him to comply in the future with all Court Orders and rules in the same manner as any other litigant. However, if he continues to abide by his own timelines instead of the deadlines set by the Court or otherwise disregards this Court's directives, the Court will issue a future Order to Show Cause where the matter at hand will be whether sanctions are appropriate against Mr. Patterson individually.

**THEREFORE,**

**IT IS ORDERED** that Defendant Expedition is ORDERED TO SHOW CAUSE **within THREE (3) WEEKS from the entry of this Order** why sanctions should not be imposed on it in the form of a **default judgment** for failure to comply with this Court's Order regarding obtaining legal representation. Failure to timely respond to this Order may result in a default judgment being entered against Defendant Expedition;

**THE COURT ALSO CAUTIONS** Mr. Patterson that if he continues to abide by his own timelines instead of the deadlines set by the Court or otherwise disregards this Court's directives, the Court will issue a future Order to Show Cause where the matter at hand will be whether sanctions are appropriate against Mr. Patterson individually.

_____
CHIEF UNITED STATES DISTRICT JUDGE