IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GALE ROBERTS,

    Plaintiff,

    v.    No. 18-cv-00975-WJ-LF

GENERATION NEXT, LLC, RICHARD COOK,
Estate of, KATHARINE COOK FISHMAN, PAUL
MATTHEW CASTER, ANTIQUITY ENCOUNTER,
JOHN MELANCON, EXPEDITION RESOURCES, LLC,
EXPLORATION OPES, LLC, DONALD PATTERSON,
GERALD KEMLAR, HOWARD TALKS, WILLIAM FLOTO,
JOHN AND JANE DOES,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF ROBERTS' EMERGENCY MOTION FOR INJUNCTION

THIS MATTER comes before the Court *sua sponte*. Having reviewed Plaintiff's Emergency Motion for Injunction (**Doc. 68**), the Court finds that said motion is not well-taken and, therefore, is denied.

## BACKGROUND

In this lawsuit, Plaintiff claims that Defendants stole gold from an archaeological expedition for buried treasure on Black Mesa, an area located northwest of Espanola, New Mexico where it is believed that several large caches of gold treasure and antiquities are hidden; and in doing so, Defendants conspired to deprive him of his contractual rights as a member of the expedition. In this motion, Plaintiff seeks an injunction to prevent the removal of any gold and/or artifacts from property owned by the Cook Defendants on Black Mesa until this case has been fully litigated in this Court and on appeal to the Tenth Circuit.

Plaintiff, as well as most of the Defendants in this lawsuit, are proceeding *pro se*. Almost all of the Defendants have been dismissed by virtue of the Court's rulings on various motions to dismiss, largely because the claims were untimely under the relevant statutes of limitations. *See* Doc. 54 (dismissing claims against all the Cook Defendants); Doc. 58 (dismissing Plaintiff's claims against Defendant Talks); Doc. 62 (dismissing all claims against Expedition Defendants except for Counts 4, 8, 10 and 11); and Doc. 69 (Court *sua sponte* dismissing Defendants Floto, Kemler and Antiquity Encounter and reconsidering previous ruling regarding Defendant Melancon, resulting in the dismissal of Melancon). Three Defendants presently remain in this lawsuit: Defendants Patterson, Expedition Resources ("Expedition") and Caster. However, the Court may eventually enter default judgment against Defendant Expedition for failure to obtain legal representation, *see* Doc. 66 (Court's Order to Show Cause); and Plaintiff has already obtained a default judgment against Defendant Caster, *see* Docs. 20 and 48. Thus, Defendant Patterson is the only individual Defendant who may file a response to Plaintiff's motion, and the Court finds that the Motion for Injunction is sufficiently devoid of any merit to require either a response or a hearing.

To obtain a temporary restraining order or preliminary injunction, the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Attorney Gen. of Okla. V. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (quotation omitted). Plaintiff has not addressed any of the required elements and the Court cannot imagine how he would be able to do so successfully. The elements are set forth in the conjunctive—meaning that a plaintiff must

satisfy *all* four elements in order to obtain injunctive relief, but one need not reach far to conclude that Plaintiff could not satisfy any one of them.

For example, there is nothing to suggest that Plaintiff could show a substantial likelihood of success on the merits. He offers nothing to suggest that buried treasure existed or exists in the Black Mesa area, much less that gold and artifacts are currently being excavated from the site and that he is being deprived of these assets. In fact, the only evidence thus far, including the exhibits submitted by Plaintiff himself, supports a finding quite the opposite: the expedition ended as a disappointment for all involved. Exhibit 1 is a letter from counsel to Generation Next ("Gen Next") stating that it "has no reason to think that there is gold on Black Mesa" and that the venture has ended poorly for Gen Next in that Dr. Melancon did not honored his part of the contract with Gen Next to indemnify Gen Next for funds invested under that contract. Exhibits 2 and 3 consists of an e-mail and accompanying invoice for surveys that were to be done to determine the locations(s) of gold and silver in the underground passages under Black Mesa property. Neither exhibit represents any kind of proof that any such treasure was ever actually found, and thus there is no basis for Plaintiff to argue that he would succeed on the merits in this case.

Since the Court has concluded that Plaintiff cannot show a substantial likelihood of success on the merits, the Court need not engage in further analysis on the other elements necessary for a party to obtain injunctive relief. *See, e.g., County of Los Alamos v. U.S. Dept. of Energy,* 2006 WL 1308305 (D.N.M. 2006) (court should deny request for emergency injunctive relief if plaintiff "fails to meet its burden on even one of the requirements . . ."). Because Plaintiff has not satisfied the requirement of establishing a substantial likelihood of success on the merits, his request for injunctive relief is therefore DENIED.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE