UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

GALE ROBERTS, individually and
d/b/a "Gone Working" (Pro Se),

    Plaintiffs,

vs.                                                                               No. 18-cv-00975-WJ-LF

GENERATION NEXT, LLC, RICHARD COOK,
Estate of, KATHARINE COOK FISHMAN,
PAUL MATTHEW CASTER, ANTIQUITY ENCOUNTER,
JOHN MELANCON, EXPEDITION RESOURCES, LLC,
EXPLORATION OPES, LLC, DONALD PATTERSON,
GERALD KEMLAR, HOWARD TALKS,
WILLIAM FLOTO, JOHN AND JANE DOES,

    Defendants.

**MEMORANDUM OPINION AND ORDER VACATING DEFAULT JUDGMENT
AGAINST DEFENDANT CASTER (Doc. 48)
AND DISMISSING DEFENDANT CASTER FROM CASE ON ITS MERITS**

THIS MATTER comes before the Court sua sponte. The Court recently issued a Memorandum Opinion and Order dismissing all of Plaintiff's claims in this case. Based on a review of the Court's other rulings in this case as well as its final disposition of the case on its merits, the Court shall set aside the default judgment entered against Defendant Caster and dismiss him from this case with prejudice.

## BACKGROUND

In this lawsuit, Plaintiff alleges that Defendants stole gold from an archaeological expedition for buried treasure on Black Mesa, an area located northwest of Espanola, New Mexico and then deprived him of his share of the gold. Most of Plaintiff's claims and most Defendants have been dismissed as a result of the Court's previous rulings. *See* Docs. 53, 54, 58,

62, 67, 69 and 70.  Most recently, the Court granted summary judgment to Defendants Patterson and Expedition Resources, LLC as well as unnamed "Doe" defendants, which effectively disposed of the entire case except for Defendant Caster. Doc. 108.

Paul Caster is a member of the Cook family; specifically, he is the husband of Richard Cook's granddaughter. The expedition referenced above took place on property located on Black Mesa which belonged to Richard Cook, who died in 2016. Cook's daughter, Katherine Fishman, is the personal representative of Mr. Cook's estate and was also legal counsel for the Richard Cook's company, Generation Next, LLC ("Generation Next"). *See* Doc. 62 at 3, n.2.  Defendant Caster was the general manager of Generation Next at the time of the alleged incidents.

On Plaintiff's *pro se* motion (Doc. 15), a Clerk's entry of default was entered on January 4, 2019. *See* Doc. 20. The motion specifically requested a "default *judgment*" against Caster under "Rule 55," but the Court construed the motion as a request for a Clerk's entry of default under Rule 55(a), since that is the first step of the process. *See Shive v. Amazon.com, Inc.,* 2017 WL 456729, at *1 (D.N.M. Oct 12, 2017) ("First, a party must obtain a Clerk's entry of default" under Fed.R.Civ.P.Rule 55(a) and "[s]econd, the party must request a default judgment" under Rule 55(b)).

Plaintiff did not file a subsequent motion seeking default judgment under Rule 55(b). However, on March 1, 2019, the Court entered a text Order granting default judgment, linking the Order to Plaintiff's motion. *See* Doc. 48 (text order granting default judgment).

On March 20, 2019, the Court granted a motion to dismiss filed by the Cook defendants (Cook's Estate, Katherine Fishman and Generation Next).  Caster was not a movant and still had not filed an answer to the complaint.  The Court dismissed the Cook defendants because all of

Plaintiff's claims asserted against them were "either . . . time-barred or because the Cooks were not parties to any contract or agreement involving Plaintiff"). Doc. 54 at 19.[1]

On April 15, 2020, the Court granted motions for summary judgment filed by Defendants Patterson and Expedition Resources, LLC., disposing of all of the claims asserted by Plaintiff against these two remaining parties. Doc. 108. The Court found that Plaintiff failed to present any facts or evidence which would suggest that any of the expedition members found gold on Black Mesa, and much less that they returned to the site without Plaintiff's knowledge and dug up the gold in order to deprive him of his share. In responding to both Defendant's summary judgment motions, Plaintiff submitted well over 250 pages of exhibits which included pages listing the URL addresses for eight rather lengthy home-produced videos. Despite the sizable nature of material which the Court was required to review, Plaintiff offered nothing—no witness statements or physical evidence—to dispute Defendant's statement of fact that the expedition had not been successful and in fact had not uncovered any gold, artifacts or other valuable assets as hoped.

## DISCUSSION

Defendant Caster is, by virtue of the entry of default judgment, the sole remaining Defendant in this lawsuit, and this judgment theoretically exposes him to further litigation and prosecution for damages despite the fact that the Court has found all of Plaintiff's claims to be either time-barred or meritless. As a general rule, cases should be decided on their merits and, for that reason, default judgments are generally disfavored. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (the preferred disposition of a case is on its merits); *see Miller v. Bennett*,

---

[1] The Court also rejected Plaintiff's contention that New Mexico's savings statute, NMSA §37-1-14, applied to Plaintiff's claims because they were filed in Wyoming federal court after the statute of limitations had expired and because the circumstances of Plaintiff's filing of a lawsuit in Wyoming on February 20, 2018 constituted "negligence in prosecution" so that Plaintiff could not rely on the savings statute to avoid dismissal under the applicable statutes of limitation.

No. 12-CV-02063-MSK-CBS, 2013 WL 5450311, at *10 (D. Colo. Aug. 12, 2013), *report and recommendation adopted as modified,* No. 12-CV-02063-MSK-CBS, 2013 WL 4835353 (D. Colo. Sept. 10, 2013); *see also Universal Am–Can, Ltd. v. Interstate Brands Corp.,* 160 F.R.D. 151, 152 (D.Kan.1995);*Creative Tile Marketing, Inc. v. SICIS Intern.,* 922 F.Supp. 1534, 1536 (S.D.Fla.1996). For these reasons, the Court finds that its entry of default judgment against Defendant Caster should be reconsidered.

    A.    <u>Relevant Law</u>

A federal district court is free to revisit its interlocutory orders at any time before entry of judgment. *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). Indeed, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (internal quotation omitted). This principle is consistent with Federal Rule of Civil Procedure 54(b), which provides that "any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment."

Further, the Court has authority to vacate a default judgment for good cause. *See Miller v. Madison,* 2013 WL 2181240, at *2 (N.D.N.Y. May 20, 2013) ("Because Rule 55(c) does not refer to a motion requirement, a court may set aside an entry of default *sua sponte* "); *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec,* 529 F.3d 371, 386 (7th Cir.2008) ("Without deciding whether a district court could set aside a default judgment *sua sponte,* we believe that the district court had the authority to set aside *sua sponte* an entry of default against [defendant] for good cause. The principal factors in determining whether a defaulting party has met the good cause standard are (1) whether the default resulted from culpable conduct by

4

defendant, (2) whether plaintiff would be prejudiced if the default is set aside, and (3) whether defendant has presented a meritorious defense. *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995). These factors are not talismanic and a court may consider other factors. *Id.* Alternatively, a court need not consider all the factors. *Id.* However, the preferred disposition of a case is on its merits. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

    B.    <u>Analysis</u>

The Court will set aside the default judgment against Defendant Caster for two reasons: First, the Court inadvertently granted default judgment based on Plaintiff's earlier motion for default judgment which was necessarily construed as a motion for Clerk's entry of default. Default judgment against Caster was not entered on a proper motion for default judgment as required under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P.55(b)(2) ("In all other cases, the party must apply to the court for a default judgment."). Thus, the entry of default judgment against Caster was premature and should be vacated on that basis alone.

The second—and more compelling reason—for vacating the default judgment is because Defendant Caster should have more properly been dismissed from the case on its merits.

In the complaint, Plaintiff alleges that the Cook defendants, including Caster, were part of the conspiracy to exclude him from his share of the gold that was stolen at the Black Mesa property. *See* Doc. 108 at 4 (setting forth allegations from the complaint). He claims that they were aware of the false data manufactured by Defendants Patterson, Kemler and Floto in order to deceive and mislead Plaintiff about the additional GPS locations of the gold. Plaintiff alleges that in late March when he informed Caster and Fishman by e-mail about these false test results, they did not respond. *Id.;* Doc. 3 (Am. Compl)., ¶¶66-99. Ultimately, Defendants Caster and Fishman would not allow Roberts to return to the Black Mesa property, and Fishman filed for

5

restraining order against Plaintiff which limited direct communication between Plaintiff and the Cook family, based on their claims that Plaintiff had ambushed 87 year-old Richard Cook at his home in an attempt to gain entry to Black Mesa. Doc. 3, ¶¶101, 106-115; *see also* Doc. 54 at 2 (Court's order dismissing Cook defendants).

Fed. R. Civ. P. 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[2]

Plaintiff alleges five claims against Defendant Caster:

Count IV: Breach of Contract;
Count VI: Fraudulent Inducement;
Count VII: Tortious Interference with Contractual Relations; and
Counts X and XI:  Promissory Estoppel and Quantum Meruit/Unjust Enrichment

There is no merit at all to any of these claims as asserted against Defendant Caster. Plaintiff's breach of contract claim in Count IV is premised solely on his being a party to the Joint Venture Agreement between him and Defendants Patterson/Expedition Resources.  *See* Doc. 108 at 3.  Defendant Caster was not a party to any of the agreements that were relevant to this case, *see id.* at 4-5, and so there can be no basis for Plaintiff's contract claim against Caster.

---

[2] The Court finds it appropriate to consider Plaintiff's contractual claim against Caster under Rule 12(b)(6) rather than under Rule 56 because Plaintiff attached the Joint Venture Agreement as an exhibit to the complaint.  *See* Doc. 3 at 48.  *See Black Hills Aviation, Inc., v. United States,* 34 F.3d 968, 972 (10th Cir. 1994).

Count IV is therefore dismissed because Plaintiff has failed to state a claim under Fed.R.Civ.P. 12(b)(6).

The Court has previously found Counts VI and VII to be time-barred under the applicable statutes of limitations, and so Plaintiff can not assert a viable fraudulent inducement claim or tortious interference claim against Caster. *See* Doc. 62 at 10.

Finally, Plaintiff's equity-based claims in Counts X and XI must be dismissed where the legal claims have been time-barred. *See Sierra Club v. Oklahoma Gas & Elec. Co*., 816 F.3d 666, 675 (10th Cir. 2016) (where primary claims are barred by a legal statute of limitations, the exercise of equity jurisdiction to determine the underlying facts would also be barred).

The Courts finds that good cause exists to set aside the default judgment against Caster. In his motion for default "judgment," Plaintiff stated that Caster was trying to evade service by the process server. Doc. 15. However, there is no evidence at all of any culpability on the part of Caster with regard to any of the allegations made against him. Also, Plaintiff is hardly prejudiced by the Court vacating the default judgment. Plaintiff has set before the Court an exhaustive number of exhibits and filings, many of them presented in a manner that fails to comply with numerous court rules. *See* Doc. 108 at 6-7, 10. The Court has considered them all, yet has concluded that Plaintiff has offered nothing to contradict Defendants' arguments or to refute their evidence. Accordingly, Plaintiff cannot be prejudiced by Defendant Caster's dismissal in view of the fact that every other Defendant has been dismissed from this lawsuit. Stated another way, every Defendant except Caster has been dismissed from this lawsuit because Plaintiffs' claims in this case are totally devoid of any merit so there is no reason not to treat Caster the same as all the other Defendants.

**THEREFORE**,

**IT IS ORDERED** that;

(1) The Court hereby SETS ASIDE and VACATES the Order granting Default Judgment against Defendant Caster **(Doc. 48)**;

(2) The Court hereby DISMISSES all of Plaintiff's claims asserted against Defendant Caster on their merits, for the reasons stated in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE